IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES C. SPENCE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2000-N |
| | § | |
| 3RD CRIMINAL DISTRICT COURT | § | |
| OF DALLAS COUNTY, TEXAS | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a unspecified civil action brought by James C. Spence, an inmate in the TDCJ-ID, against a Texas state judge who presided over his criminal case. In a series of letters mailed in October 2006, petitioner generally alleges that the judge has failed to rule on several post-conviction motions, has not followed the law, and has refused to produce exculpatory evidence. The court treated these letters as a complaint. Because the financial information provided by petitioner indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to petitioner in order to obtain additional information about the factual basis of his claims.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Petitioner answered the questionnaire on November 21, 2006. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (1) is frivolous or malicious;

  (2) fails to state a claim upon which relief can be granted; or

  (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

Although the precise nature of his claims is difficult to decipher, it appears that petitioner seeks an order compelling a state court judge to rule on his motions, follow the law, and produce certain documents. Such relief is in the nature of mandamus. However, a federal court cannot direct a state court or judicial officer to perform an official act where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973), *citing*

*Lamar v. 118th Judicial District Court*, 440 F.2d 383 (5th Cir. 1971); *Crumby v. Co. Criminal Dist. Court No. 2*, No. 3-04-CV-1840-M, 2004 WL 1924823 at *1 (N.D. Tex. Aug. 26, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2805822 (N.D. Tex. Dec. 6, 2004). The court therefore concludes that this claim is without an arguable basis in law and should be summarily dismissed.[2]

## RECOMMENDATION

Petitioner's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent petitioner sues for money damages or declaratory relief as a result of his alleged wrongful conviction and imprisonment, such relief is not proper because no state court or federal habeas court has ever determined that the terms of his confinement are invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Celestine v. 27th Judicial District Court*, 70 Fed.Appx. 232, 2003 WL 21729414 at *1 (5th Cir. Jul. 25, 2003), *cert denied,* 124 S.Ct. 1465 (2004).